UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

Automated Recovery Systems of
New Mexico, Inc.,
A New Mexico Corporation

Case No. 22-10225-t11

    Debtor.

# DEBTOR'S MOTION FOR AN ORDER AUTHORIZING PAYMENT OF FEES TO SPECIAL COUNSEL FOR PREPETITION LEGAL SERVICES

Automated Recovery Systems of New Mexico, Inc. (the "Debtor"), moves this Court (the "Motion") for the entry of an Order authorizing the Debtor to pay legal fees to Patricia L. Simpson, P.C., dba Simpson Law Office (the "Professional") on account of prepetition services the Professional performed on behalf of the Debtor. As grounds for this Motion, the Debtor respectfully states as follows:

## Introduction

1. On March 23, 2022 (the "Petition Date") the Debtor filed a voluntary petition for relief under Subchapter V of Chapter of the Bankruptcy Code.

2. The Debtor is a debtor-in-possession herein. On March 25, 2022, Bryan S. Perkinson was appointed by the Office of the U.S. Trustee as the Chapter 11, Subchapter V Trustee in this case.

3. The Debtor operates as a licensed debt collection agency within the State of New Mexico.

## Retention of the Professional

4. For approximately eighteen years prior to the Petition Date, the Debtor regularly engaged the services of the Professional to appear on the Debtor's behalf in state courts throughout New Mexico to, among other things, review debts and files and provide advice regarding

1

commencing legal action, file and defend lawsuits to obtain judgments to facilitate the collection of debts owed by individuals and businesses, initiate and/or enforce judgment collection proceedings including executions, garnishments and transcripts of judgment, domesticate judgments in the venue where the defendant resides, and file claims in probate and bankruptcy proceedings.

5. Prior to the Petition Date, the Professional was compensated pursuant to the terms of a retainer agreement with the Debtor, as modified by the course of conduct between the Professional and the Debtor. Pursuant to this arrangement, the Debtor paid the Professional legal fees collected by the Debtor on or before the 10th of the month after which such fees were collected by the Debtor pursuant to any judgment, order, memorandum, levy, garnishment, and/or similar pleading entered in a state court case (collectively, the "State Court Judgments") in favor of the Debtor that the Professional assisted the Debtor in obtaining. The amount of the legal fees awarded by the state court is expressly set forth in the respective State Court Judgments.

6. Since the Petition Date, the Debtor has collected, and continues to hold in trust for the Professional, the sum of $69,973.14 (through September 30, 2022), which were received on account of the State Court Judgments. This sum has and continues to increase as and when the legal fee portion of the State Court Judgments are remitted to the Debtor in the ordinary course of the Debtor's operations (the "Fees for Prepetition Services").

7. On October 11, 2022, this Court entered an *Order Granting in Part Debtor's Amended Application to Retain Special Counsel for State Court Proceedings*, docket no. 120 (the "Retention Order"), pursuant to which this Court authorized the Debtor to retain the Professional as special counsel to represent the Debtor in New Mexico state court proceedings, effective as of April 25, 2022. The Retention Order denied, without prejudice, the Debtor's request "to approve and pay fees to the Professional on account of prepetition services". *See* Retention Order at ¶ 8.

2

Case 22-10225-t11    Doc 122    Filed 10/12/22    Entered 10/12/22 15:21:27 Page 2 of 4

8. Through this Motion, the Debtor seeks authorization from this Court to pay the Professional the Fees for Prepetition Services. The Debtor has, and continues to, regard the Fees for Prepetition Services as funds held in trust for the benefit of the Professional that are not part of the Debtor's property available for funding the Debtor's operations or for distribution to creditors. Moreover, such fees are clearly delineated in the respective State Court Judgments as awarded attorney's fees, separate and apart from any principal and interest awarded to the Debtor through the State Court Judgment.

9. Furthermore, the long established agreement and practice between the Debtor and the Professional has been for the Professional to be compensated primarily through this contingent fee arrangement whereby the Professional receives the attorney's fees awarded through the State Court Judgments if and when such attorney's fees are paid by the respective judgment debtors. As part of this financial compensation arrangement, the Professional takes a substantial risk of non-payment because even if a state court makes an attorney's fee award, the Professional receives no compensation unless and until such fees are actually collected by the Debtor (and only after all court costs, interest and principal has been paid by the judgment debtor to satisfy the State Court Judgment).

10. Given this negotiated compensation arrangement, which has been in place between the Debtor and the Professional for nearly two decades, the Debtor submits that it would be inequitable, and contrary to the intent of the parties, to prohibit the Debtor from paying the Professional the Fees for Prepetition Services. This is especially true because neither the Debtor nor the Professional ever considered such Fees for Prepetition Services to be part of the Debtor's property.[1] This understanding that such Fees for Prepetition Services are held in trust for the benefit of the Professional is further supported by the fact that awarded attorney's fees are

---

[1] Moreover, the Professional may possess rights under applicable state law against the Fees for Prepetition Services.

delineated in the applicable State Court Judgments, separate and apart from any award of principal and interest to which the applicable state court found the Debtor was entitled to receive.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order authorizing the Debtor to pay the Professional the Fees for Prepetition Services and for such other and further relief to which the Debtor may show itself justly entitled.

Respectfully submitted,

VELARDE & YAR

S/ filed electronically 10/12/22
Gerald Velarde
Joseph Yar
Scott Cargill
P.O. Box 11055
Albuquerque, New Mexico 87192
Tel: (505) 248-0050
gvelarde@velardepc.com
*Attorneys for the Debtor*

I certify that the foregoing was electronically filed with the Court via the CM/ECF system on October 12, 2022.

S/ filed electronically 10/12/22
Gerald R. Velarde